THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, v. JOSÉ A. PÉREZ SALDAÑA, Defendant and Appellant.

No. 10961. Argued January 16, 1946.—Decided January 30, 1946.

556

*Juan B. Soto* for appellant. *E. Campos del Toro, Attorney General, Luis Negrón Fernández, Assistant Attorney General,* and *J. Rivera Barreras* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

These two cases were consolidated in the trial before the lower court· The appeals taken therefrom before this court have been likewise consolidated, for which reason we shall dispose of them in a single opinion.

The appellant was convicted of the offense of carrying weapons and of a violation of § 7 of Act No. 14 of July 8, 1936, Third Special Session, p. 128, as amended.

The only two questions on which these appeals have been grounded are as follows:

(*a*) That the only witness presented by the district attorney in support of the informations filed by him, was policeman Manuel Soto; that his testimony was contradicted by the defendant and his witnesses; that as the policeman, according to the appellant, was an interested witness, and as it appeared from the evidence that at the time and place where the alleged offenses were committed other persons

were present who could have been, but were not, called as witnesses for the prosecution, it should be presumed that the district attorney did not bring the best evidence and, consequently, the conflict should have been settled in favor of the defendant by acquitting him in both cases; and

(b) That the failure of the district attorney to summon as witnesses some of the persons referred to in the preceding paragraph, should be regarded as though the district attorney had suppressed evidence which if presented would have been adverse.

■ Section 524 of the Code of Civil Procedure (§162, Law of Evidence) is decisive of the first question raised by the appellant. Said Section provides that "if weaker and less satisfactory evidence is offered, when it appears that stronger and more satisfactory was within the power of the party, the evidence offered should be viewed with distrust." The fact that the policeman's testimony, in the present case, should be viewed with distrust, does not mean that it must be disregarded. If the trial court, after considering all the evidence in the light of the provisions of § 524, reaches the conclusion that this witness told the truth and that his testimony is direct evidence tending to prove all the elements of the offense, it is its duty to decide accordingly, notwithstanding the greater number of witnesses of the other party, inasmuch as, according to that very § 524, the court is not bound to decide in conformity with the number of witnesses who do not produce conviction in its mind. In view of the offenses involved in this appeal for which the corroboration of evidence is not needed, § 380 of the same Code is controlling in so far as it provides that the direct evidence of one witness who is entitled to full credit is sufficient to support a conviction except in those cases where the law requires corroboration.

■ The fact that the district attorney did not call as witnesses those other persons mentioned by the defendant does

not mean that he suppresed evidence which if presented would have been adverse, for it may not be contended that evidence has been suppressed if those witnesses were within the reach of both parties. *People* v. *Brown*, 235 Pac. 72 (Cal. 1925.)

 Since, according to law, the appraisal of the evidence is entrusted to the lower court, we shall not disturb its conclusion unless manifest error, passion, prejudice, or partiality is shown.

The judgments appealed from must be affirmed.